*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL CHRISTOPHER GLANCE,

Defendant-Appellant.

UNPUBLISHED
April 20, 2023

No. 360429
Jackson Circuit Court
LC No. 19-001182-FC

Before: GADOLA, P.J., and PATEL and MALDONADO, JJ.

PER CURIAM.

Defendant pleaded no contest to three counts of assault with intent to commit murder, MCL 750.83, and three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). The trial court sentenced defendant to 35 to 55 years' imprisonment for each assault conviction, to be served concurrently, and two years' imprisonment for each felony-firearm conviction, to be served concurrently, but consecutively to the sentence for the assault convictions. Defendant appeals by leave granted,[1] challenging his sentence. We affirm defendant's convictions, but vacate his sentences for the assault convictions and remand to the trial court for further proceedings.

## I. FACTS

On April 16, 2019, defendant shot his two-year-old son, RG, and attempted to shoot RG's mother, Nicole McCarthy. McCarthy was leaving defendant and was moving RG and their belongings from the family's home. After McCarthy and RG got into McCarthy's car, defendant asked to say goodbye to RG. He kissed RG, then pulled out a handgun, held it to RG's head, and pulled the trigger. The gun jammed, and defendant attempted to clear it. McCarthy climbed into the back seat to shield RG from defendant. After a struggle, defendant returned to the house, and

---

[1] *People v Glance*, unpublished order of the Court of Appeals, entered April 14, 2022 (Docket No. 360429).

McCarthy got back into the driver's seat but was unable to start the vehicle. Defendant returned to the car and fired a 10-gauge shotgun through the passenger window, striking RG in the hand and face, inflicting devastating wounds. Defendant then chased McCarthy and attempted to shoot her with the handgun. A neighbor helped McCarthy and RG, who was badly injured, into his house. Defendant fled.

Defendant was located, arrested, and charged with three counts of assault with intent to commit murder and three counts of felony-firearm. Defendant pleaded no contest to the charges. At the sentencing hearing, defendant told the trial court that he loved his son, that he could not believe what he had done, and that he was suffering deeply for it. The trial court allowed the prosecution to present the testimony of the detective assigned to the case and McCarthy, who testified regarding defendant's conduct in shooting RG and the extent of the child's injuries. Defendant's sentencing guidelines for the assault convictions indicated a minimum sentence range of 135 to 225 months' imprisonment. The trial court sentenced defendant to 35 to 55 years' imprisonment for the assault convictions and two years' imprisonment for the felony-firearm convictions, with credit for 682 days served. Defendant now appeals.

## I. DISCUSSION

Defendant contends that his minimum sentence of 35 years for the assault convictions, at nearly double the high end of the minimum sentencing guidelines range of 225 months, is an unreasonable and disproportionate upward departure, which the trial court failed to adequately justify. We agree that the trial court failed to adequately justify the significant upward departure from the sentencing guidelines.

We review a sentence that departs from the applicable sentencing guidelines for reasonableness; when a sentence is determined to be unreasonable resentencing is required. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). The reasonableness of a sentence is reviewed for an abuse of discretion, which occurs when the trial court fails to follow the principle of proportionality or fails adequately to support the extent of its departure from the sentencing guidelines. *People v Steanhouse*, 500 Mich 453, 476; 902 NW2d 327 (2017). Thus, the proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality. *Steanhouse*, 500 Mich at 459-460.

The principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 460. An upward departure from the sentencing guidelines may be warranted if the defendant's actions "are so egregious that standard guidelines scoring methods simply fail to reflect their severity." *People v Granderson*, 212 Mich App 673, 680; 538 NW2d 471 (1995). Although a sentencing court no longer is required to "articulate a substantial and compelling reason" for a departure from the guidelines, *Lockridge*, 498 Mich at 364-365, a sentencing court must "consult the applicable guidelines range and take it into account when imposing a sentence." *Id*. at 392. In addition, the trial court must justify the sentence imposed, including "an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citation omitted). Although there are no specific words necessary to justify a departure, the trial court's articulation must be sufficiently detailed to facilitate appellate review.

*People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). "[R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, . . . (2) factors not considered by the guidelines, . . . and (3) factors considered by the guidelines but given inadequate weight." *Dixon-Bey*, 321 Mich App at 525 (citations omitted).

In this case, the sentencing guidelines for defendant's assault convictions indicated a minimum sentence range of 135 to 225 months' imprisonment. At sentencing, the trial court stated:

> Passing sentence on you, I'm individualizing your sentence. I'm taking into account a number of factors in considering punishment, rehabilitation prospects, deterren[ce], protection of society.

The trial court then sentenced defendant to 35 years to life imprisonment for the assault convictions. Shortly after stating the sentence, the trial court returned to the record to alter defendant's maximum sentence to 55 years instead of life. The minimum sentence of 35 years (420 months) is an upward departure of 195 months from the maximum minimum range of the guidelines of 225 months. The trial court explained the upward departure sentence as follows:

> I got to bring defendant back on. . . .I've got to give him a specific number of years.
>
> * * *
>
> And while I'm doing that, I better put at least a couple compelling reasons why I'm exceeding.
>
> * * *
>
> Okay. Okay. I realized after I'd sentenced Mr. Glance that I had put 35 years to life and I'm gonna make it more specific.
>
> Before I do that, the reason I was doing it was because this was a two-year-old that Mr. Glance appears to have gotten angry, walked out of the house, tried to fire with the handgun. The handgun jams and he walks back into the house to grab another gun, which happens to be a 10-gauge, which is a very powerful shotgun, and proceeds to shoot his two-year-old son with the shotgun in the face to the point that—he's already had 14 surgeries. He's gonna have multiple other surgeries.
>
> The police officers had to pick up fingers and transport ['em to Mott's Children's Hospital to attempt to reconnect them with no success.
>
> I have dealt with some of the most horrendous things anybody should ever be asked to see, and this is right up there as bad as any case I've seen.
>
> And for those reasons, that's why I was giving defendant, Mr. Glance, 35 years to 55 years, exceeding the guidelines, and two years flat with 682 days' credit. So he'll do the two years flat and then serve the 35 to 55.

Although the trial court accurately observed that defendant committed a horrendous crime, the trial court did not adequately justify its significant departure from the sentencing guidelines; as discussed, the trial court was required to explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." See *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted). The trial court's justification of its departure sentence amounted to nothing more than a recitation of the facts surrounding the shooting and its aftermath, which standing alone is not sufficient to justify the substantial departure from the sentencing guidelines. The trial court failed to justify the departure sentence in sufficient detail to facilitate appellate review, which requires that the court reference the guidelines and explain why they are inadequate to capture the seriousness of this offense. See *Smith*, 482 Mich at 311. The trial court's failure adequately to support its departure from the sentencing guidelines is an abuse of its discretion necessitating resentencing. See *Steanhouse*, 500 Mich at 476.

We affirm defendant's convictions, vacate his sentences for the assault convictions, and remand to the trial court for resentencing.[2] We retain jurisdiction.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Allie Greenleaf Maldonado

---

[2] Because we remand this case for resentencing, we decline to reach defendant's assertion that he is entitled to resentencing on the additional basis that he was not physically present in the courtroom during sentencing.

-4-

# Court of Appeals, State of Michigan

## ORDER

People of MI v Michael Christopher Glance

Docket No. 360429

LC No. 19-001182-FC

Michael F. Gadola
Presiding Judge

Sima G. Patel

Allie Greenleaf Maldonado
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 21 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we remand for the trial court to resentence defendant and to explain why any departure from the sentencing guidelines, and the extent of any such departure, is proportionate and reasonable. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

April 20, 2023
Date

Chief Clerk